UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLIGAN, et al.,<br><br>    Defendants. | No.  2:23-cv-0700-DAD-CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed October 19, 2023, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

**I.    Screening Standard**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

**II.     Allegations in Amended Complaint**

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at the Sacramento County Jail, although it is unclear if he was a pretrial detainee or serving a sentence. The amended complaint consists of two typewritten pages along with 40 pages of attachments. ECF No. 10.

In his first claim for relief, plaintiff contends that defendants Milligan, Ma, and Davis administered pepper spray into his cell without allowing mental health staff to first deescalate the situation. ECF No. 10 at 1. Plaintiff alleges that this violated jail policy as well as the Eighth Amendment. ECF No. 10 at 1.

In his second claim, plaintiff asserts that defendants Wilhit, Clemens, and Tracy refused to provide him with food that was not cold on a constant basis. ECF No. 10 at 18. Plaintiff also alleges that Kitchen Supervisor Jerry ignored plaintiff's stomach pains, diarrhea, and allergic reactions caused by intentionally serving him beans despite his documented allergy. ECF No. 10 at 18. As a result, plaintiff was hospitalized due to his severe allergic reaction. Id.

**III.    Analysis**

The undersigned finds that the amended complaint states a cognizable deliberate indifference claim against defendant Kitchen Supervisor Jerry pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) for intentionally serving plaintiff beans despite his documented food allergy.[1] If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, the undersigned recommends dismissing the remaining defendants without further leave to amend. As was explained in the court's prior screening order, the excessive force claims against defendants Milligan, Ma, and Davis are duplicative of the claims plaintiff raised in McCoy v. Sac County Jail, No. 2:22-cv-01769-CKD. See ECF No. 9 at 4-5. Plaintiff was warned that if he continued to raise these claims, the undersigned would recommend dismissing

---

[1] It is unclear whether plaintiff was a pretrial detainee or a convicted defendant during the relevant time frame alleged in the amended complaint. Although the court is unable to determine whether the claim arises under the Eighth Amendment or the Fourteenth Amendment, plaintiff has sufficiently stated a claim applying either standard.

2

these defendants as duplicative.  ECF No. 9 at 5 n. 3.  The amended complaint contains the same excessive force allegations against defendants Milligan, Ma, and Davis.  However, plaintiff does not have the right to file two separate actions "involving the same subject matter at the same time in the same court and against the same defendant."  Adams v. Cal. Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).  After reviewing the complaints filed by plaintiff in the two separate cases, the court finds that the cause of action, the requested relief, and the defendants are all the same in both cases.  Therefore, the undersigned recommends dismissing defendants Milligan, Ma, and Davis as duplicative in this case since he first filed this claim in the prior action of McCoy v. Sac County Jail, No. 2:22-cv-01769-CKD.

The undersigned further finds that the allegations in the amended complaint do not state a claim for relief against defendants Wilhit, Clemens, or Tracy for serving plaintiff cold food. Plaintiff was previously provided with the relevant legal standards governing this claim and the opportunity to amend his complaint to state additional facts supporting this claim for relief.  ECF No. 9 at 5, 9-10.  He has not provided any additional facts that would rise to the level of establishing a constitutional violation.  "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).  For these reasons, the undersigned recommends dismissing defendants Wilhit, Clemens, and Tracy without further leave to amend.

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has found that your amended complaint states a deliberate indifference claim against defendant Kitchen Supervisor Jerry at the Sacramento County Jail.  In order to proceed, you need to complete and return the attached forms so that this defendant can be properly served.

The remaining claims in your amended complaint are either duplicative of your earlier filed case of McCoy v. Sac County Jail, No. 2:22-cv-01769-CKD, or they fail to state a claim.

Therefore, it is recommended that the remaining defendants be dismissed from this case.

If you do not agree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will make the final decision about whether the remaining defendants are dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant Kitchen Supervisor Jerry.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the amended complaint filed November 3, 2023.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 1 above; and

   d. Two copies of the endorsed amended complaint filed November 3, 2023.

4. Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER RECOMMENDED that defendants Milligan, Ma, Davis, Wilhit, Clemens, and Tracy be dismissed without further leave to amend for the reasons indicated in this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 18, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcco0700.1.amd+F&R

1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME ELI MCCOY                    No.  2:23-cv-0700-DAD-CKD

12              Plaintiff,

13       v.                              NOTICE OF SUBMISSION OF
                                         DOCUMENTS
14   MILLIGAN, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following documents in compliance with the court's order

18   filed _____ :

19        ____        completed summons form

20        ____        completed USM-285 forms

21        ____        copies of the _____
                                   Amended Complaint
22

23   DATED:

24

25
                                         _____
26                                                   Plaintiff

27

28

                                          1