UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME ELI MCCOY,

    Plaintiff,

v.

MILLIGAN, et al.,

    Defendants.

No. 2:23-cv-0700-DC-CKD P

ORDER

Plaintiff, a county jail inmate, proceeds without counsel under 42 U.S.C. § 1983. Defendant's motion to compel (ECF No. 24) and plaintiff's motions for the appointment of counsel (ECF Nos. 23, 20) are before the court. For the reasons set forth below, defendant's motion to compel is granted and plaintiff's motions for appointment of counsel are denied without prejudice.

**I.    Background**

Plaintiff proceeds on a deliberate indifference claim against defendant Jeremy Kastl, who was allegedly the Kitchen Supervisor at the Sacramento County Jail. In the operative first amended complaint (ECF No. 10), plaintiff alleges defendant ignored plaintiff's stomach pains, diarrhea, and allergic reactions caused by eating beans and intentionally served plaintiff beans despite his documented food allergy. As a result, plaintiff alleges he was hospitalized due to his severe allergic reaction.

1

The court issued a discovery and scheduling order on August 1, 2024. (ECF No. 20.) On August 1, 2024, defendant timely served defendant's Special Interrogatories (Set One), Request for Admissions (Set One), and Request for Production of Documents (Set One) to plaintiff. (ECF No. 24 at 2.) When no timely responses were received, defendant's counsel sent plaintiff a meet-and-confer letter requesting responses by October 2, 2024, and stating that, otherwise, a motion to compel would be filed with the court. (Id. at 3.) When counsel learned plaintiff was in custody at the Sacramento County Jail, counsel send a second meet-and-confer letter to plaintiff at the jail. (Id.) Plaintiff has neither provided responses nor requested an extension of time to provide responses. Defendant moves for an order compelling plaintiff to provide responses, without objections, and to produce responsive documents within a reasonable time.

Plaintiff filed a written opposition to the motion to compel. (ECF No. 32.) Plaintiff argues he received help to file the opposition but that his disabilities, mental state, and challenges from various diagnoses are preventing him from responding to the discovery requests. (ECF No. 31 at 1.) Plaintiff states he has been "on hold" from making copies at the Sacramento County Main Jail law library. (Id. at 2.) Plaintiff requests a stay of the case and for the court to appoint counsel. (Id.) He also submits more than one hundred pages of documents which he states explain his mental diagnosis. (Id. at 1.)

**II.     Defendant's Motion to Compel**

Plaintiff's pro se status does not excuse him from responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure). Lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

Plaintiff has not submitted his own sworn declaration or any other evidence showing his conditions prevent him from responding to discovery requests. Neither has plaintiff described any steps he has taken toward attempting to respond to defendant's discovery requests and how he

was prevented from doing so. Plaintiff simply claims, instead, that he cannot respond to discovery. The court is cognizant of the challenges plaintiff faces. However, plaintiff has been able to articulate a claim for relief in this case. He has been able to file objections to findings and recommendations (ECF No. 13) and oppose motions such as this one. While the court does not minimize the challenges plaintiff faces, the court cannot excuse plaintiff's noncompliance with discovery rules based on plaintiff's unsubstantiated arguments. See Wilson v. Ochoa, No. CV 21-8359-PSG (JPR), 2023 WL 8153595, at *4 (C.D. Cal. Sept. 25, 2023) (claims of mental illness unsupported by statements under penalty of perjury or other supporting evidence do not excuse non-compliance with discovery), report and recommendation adopted, No. CV 21-8359-PSG (JPR), 2023 WL 8374723 (C.D. Cal. Dec. 1, 2023).

Plaintiff also fails to show why a stay of this case is necessary or warranted at this time. There is no indication plaintiff would be in a better position to move forward with this case after a stay. Plaintiff's request for stay made in opposition to the motion to compel is procedurally deficient as well as unsupported with any specific grounds for a stay. Thus, the request for a stay will be denied without prejudice. See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Plaintiff must respond to defendant's discovery requests, without objections, to the best of plaintiff's ability. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"). Accordingly, within 21 days of the date of this order, plaintiff shall serve defendant with written discovery responses, without objection, to each of the document requests and interrogatories, and shall produce any responsive documents in his possession or control.

As to the Requests to Admit, Set One, plaintiff has presented no justification that would excuse his non-response and, therefore, each matter is deemed admitted. Fed. R. Civ. P. 36(a)(3) (when a party fails to timely respond to a request for admission, the matter is automatically deemed admitted). The court may permit withdrawal or amendment upon a motion by the party if it would promote the presentation of the merits of the action and the requesting party would not

be prejudiced. See Fed. R. Civ. P. 36(b); see also Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001) (upon a motion to withdraw admission, the party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case). Here, plaintiff has not moved to withdraw his admissions. If plaintiff provides responses to defendant's Request for Admissions, Set One within the time frame set forth below, plaintiff may also move the court to withdraw the matters deemed admitted based on untimely responses.

Plaintiff is hereby informed and cautioned that each party has an obligation in litigation to respond to properly served discovery requests. If a party chooses to ignore that obligation, the court has the authority to impose a variety of sanctions, including dismissal. See Fed. R. Civ. P. 37(d)(1)(A), (d)(3); Sanchez v. Rodriguez, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery).

### III.   Plaintiff's Motions to Appoint Counsel

Plaintiff requests the court to appoint him counsel. (ECF Nos. 23, 30.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

4

time. The allegations in the complaint are not complicated, plaintiff was able to articulate his claim pro se, and plaintiff has not demonstrated he is likely to succeed on the merits.

In the motion to appoint counsel filed on September 26, 2024, plaintiff also requests an order for law library access. Plaintiff alleges the law library is resentful of giving him access, but he does not allege that he has attempted to use the law library and been denied. There is no suggestion plaintiff's right of access to the courts is being impaired and the court will not make a special order that plaintiff be provided law library access.

### IV.     Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 23, 30) are DENIED without prejudice.
2. Plaintiff's request for a stay made in opposition to the motion to compel is also DENIED without prejudice.
3. Defendant's motion to compel (ECF No. 24) is GRANTED.
4. Defendants' Request for Admissions, Set One, are deemed admitted, but if plaintiff provides responses within 21 days of the date of this order, plaintiff may also move the court to withdraw the matters deemed admitted; any such motion must also be filed within 21 days of the date of this order.
5. Within 21 days of service of this order, plaintiff shall serve complete and verified responses, without objections, to defendant's Interrogatories and Request for Production of Documents (Set One) and shall produce any responsive documents in his possession or control.
6. The pretrial scheduling order is amended to extend the discovery deadline to 35 days from the date of this order, solely for the purpose of plaintiff providing these discovery responses and any further motion to compel by defendant pertaining to those responses; no further discovery requests may be served.
7. Plaintiff's failure to comply with this order and failure to provide complete responses to defendants' discovery requests will result in sanctions that may range from

monetary sanctions or exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.

Dated: January 25, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mcco23cv0700.mtc