UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLIGAN, et al.,<br><br>    Defendants. | No. 2:23-cv-0700-DC-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Jerome McCoy filed this action under 42 U.S.C. § 1983 while in jail and he proceeds without counsel. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). A motion for summary judgment and a motion for terminating sanctions filed by the sole remaining defendant, Jeremy Kastl (sued as "Jerry Unknown"), are before the court. For the reasons set forth below, the undersigned recommends the court grant defendant's request for terminating sanctions based on plaintiff's failure to provide discovery responses, failure to comply with a subsequent court order to provide complete and verified responses, and resulting prejudice to defendant.

**PROCEDURAL BACKGROUND**

Plaintiff filed the operative first amended complaint on November 3, 2023. (ECF No. 10.) After screening, the case proceeded on plaintiff's deliberate indifference claim arising under either the Eighth or Fourteenth Amendment against defendant. (ECF Nos. 11, 16.) Plaintiff

1

1  alleges defendant, as Kitchen Supervisor at the Sacramento County Jail, intentionally ignored
2  plaintiff's stomach pains, diarrhea, and allergic reactions caused by serving plaintiff beans despite
3  a documented allergy. (ECF No. 10 at 18.) As a result, plaintiff was hospitalized due to his severe
4  allergic reaction. (Id.)

5  The court issued a discovery and scheduling order on June 25, 2024. (ECF No. 20.) On
6  August 1, 2024, defendant timely served defendant's Special Interrogatories (Set One), Request
7  for Admissions (Set One), and Request for Production of Documents (Set One) to plaintiff. (See
8  ECF No. 24 at 2.) When no timely responses were received to these requests or subsequent meet-
9  and-confer letters, defendant filed a motion to compel. (Id.) On January 27, 2025, the undersigned
10 granted defendant's motion to compel and ordered plaintiff to serve complete and verified
11 responses without objections to defendant's Interrogatories and Request for Production of
12 Documents (Set One), and to produce any responsive documents in plaintiff's possession or
13 control within 21 days. (ECF No. 35 at 5.)

14 On January 10, 2025, defendant filed a motion for summary judgment. (ECF No. 33.)
15 Plaintiff did not timely oppose the motion for summary judgment. After the court gave plaintiff a
16 warning and extension of time, plaintiff filed a brief statement requesting "a jury trial on this
17 matter" but not otherwise addressing the substance of the motion for summary judgment. (ECF
18 Nos. 38, 40.) Defendant filed a reply in support of the motion. (ECF No. 41.)

19 On March 3, 2025, defendant filed a motion for terminating sanctions based on plaintiff's
20 continued failure to fully respond to discovery requests and failure to comply with the court's
21 order to provide complete and verified discovery responses to the outstanding discovery requests.
22 (ECF No. 39.) Plaintiff did not timely oppose the motion for terminating sanctions.

23 On April 23, 2025, the undersigned ordered that plaintiff must file an opposition, if any, to
24 the motion for sanctions within 21 days. (ECF No. 42.) Following plaintiff's notice of change of
25 address filed on April 24, 2025, the order was re-served to plaintiff by mail to his updated address
26 on April 28, 2025. Following another change of address filed by plaintiff on May 23, 2025, the
27 order was again re-served to plaintiff by mail to his newly updated address on May 28, 2025. On
28 June 24, 2025, plaintiff filed a motion for an extension of time stating he received his mail late

and "didn't get a chance to execut[e] what was [being asked]." (ECF No. 46.) Plaintiff requested an extension of time to "prove the negligence" of defendant. (Id.)

The undersigned found plaintiff did not show good cause for a further extension of time because he did not indicate he would use any extension of time granted for the purpose of providing late responses to defendant's discovery requests, complying with the court's prior order to do so, or responding to defendant's pending motion for terminating sanctions. (ECF No. 47.) Despite not showing good cause, plaintiff was granted a final chance to oppose the motion for sanctions by filing an opposition within 14 days from the date of the July 2, 2025, order. (Id.) Plaintiff was explicitly warned that no further extensions of time would be granted for that purpose. Plaintiff has not filed a written opposition to defendant's motion for sanctions.

## APPLICABLE STANDARD

The Local Rules of the Eastern District provide wide latitude to the court to issue sanctions: under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting

Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

**DISCUSSION**

The first two factors support dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Judicial economy considerations also weigh in favor of terminating sanctions for plaintiff's non-compliance with discovery rules and this court's order to respond to written discovery requests. See Ferdik, 963 F.2d at 1261 (dismissal may be necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

The third factor, prejudice to defendant from plaintiff's failure to provide discovery responses, also favors dismissal. Plaintiff has not provided any responses to defendant's written interrogatories (Set One) despite the court's order granting defendant's motion to compel and ordering plaintiff to do so. Defendant is entitled to receive responses to timely served discovery requests and is prejudiced by not knowing the full scope of plaintiff's claims against defendant due to plaintiff's continued non-response and failure to comply with the court's order. (See ECF

No. 39 at 3.) The prejudice to defendant is not counterbalanced by any legitimate excuse for plaintiff's non-compliance, as plaintiff has not presented any justification for failing to comply with the court's order to serve complete and verified responses to outstanding discovery requests.

Public policy favors disposition of cases on their merits, and so the fourth factor generally does not weigh in favor of dismissal as a sanction. See Yourish, 191 F.3d at 990. However, where a case "is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations" and "cannot move forward toward resolution on the merits" because of the party's failure, this factor lends little support in favor of disposition on the merits. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006).

The fifth factor also favors dismissal. No other, lesser sanctions would be satisfactory or effective. The court has already tried warnings that failure to comply with discovery obligations and the court's order could result in dismissal of this action. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). After being warned, plaintiff continued to disregard this court's rules, orders, and deadlines as to the outstanding discovery requests. Plaintiff also failed to oppose defendant's motion for terminating sanctions. Plaintiff has been warned that failure to file an opposition would be deemed his consent to have this action dismissed. (ECF No. 42.) Plaintiff is indigent and proceeding in forma pauperis. Thus, any imposition of monetary sanctions would likely be futile and unenforceable. See James v. Wilber, 956 F. Supp. 2d 1145, 1169 (E.D. Cal. 2013) (citing Thomas v. Gerber Prod., 703 F.2d 353, 356-57 (9th Cir. 1983); Wade v. Ratella, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005). Under the circumstances, the court finds no other, lesser sanctions would be satisfactory or effective.

In sum, plaintiff has exhibited willful disregard for this litigation he commenced, and it appears no lesser sanction than dismissal would be effective or suitable. See Wright v. Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). Plaintiff's status as a self-represented litigant will not spare him from such a sanction, as it is well-established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d

565, 567 (9th Cir. 1987) (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Having carefully considered the relevant factors, the undersigned will recommend defendant's request for terminating sanctions be granted.

## PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The undersigned is recommending this case be dismissed because of your non-response to the defendants' discovery requests and non-compliance with this court's orders and Local Rules, and the Federal Rules of Civil Procedure. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendant's motion for terminating sanctions (ECF No. 39) be granted and this action be dismissed with prejudice. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); Local Rule 110.

2. Defendant's motion for summary judgment (ECF No. 33) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mcco0700.fr